# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **XAVIER L. CRITTENDON,** <br> *Plaintiff* | § § § § § § § § | |
| **v.** | | **Case No. 1:23-CV-00327-LY-SH** |
| **STATE OF TEXAS HEALTH AND HUMAN SERVICES COMMISSION,** <br> *Defendant* | | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint and Request for Injunction (Dkt. 1) and Motion to Proceed in District Court Without Prepaying Fees or Costs, both filed March 24, 2023 (Dkt. 2); and Plaintiff's Motion for Permission to File Electronically (Dkt. 5) and Motion to Proceed and Order for Immediate Injunction, both filed April 11, 2023 (Dkt. 6). The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

## I.   General Background

Pro se Plaintiff Xavier Crittendon, a Texas resident, brings this lawsuit against the Texas Department of Health and Human Services ("TDHHS"), alleging violations of her rights under the United States Constitution and the Texas Protection of Religious Organization Act, TEX. GOV'T CODE ANN. § 2401.002 (West 2021). Complaint, Dkt. 1. Plaintiff was the owner and director of All Things Good Kids Academy, a child care facility, in Ovilla, Texas. She alleges that since 2011,

1

TDHHS has committed "acts of terrorism against Plaintiff," as well as "repeated acts of scandalmongering, public humiliation (public posting) and harassment." *Id.* at 4, 39. Specifically, Plaintiff alleges that TDHHS falsely accused Plaintiff and her child care facility of violating various regulations and "maliciously" forcing the closure of its "faith-based religious early childhood education program" in retaliation. *Id.* at 13, 33. In addition to injunctive relief, Plaintiff seeks monetary damages of "2% biennial budget" of the TDHHS since 2011. *Id.* at 5.

This is not the first federal suit Plaintiff has filed against TDHHS concerning its enforcement of regulations of Plaintiff's child care facility. On May 1, 2019, Plaintiff sued TDHHS and its affiliates in the Southern District of Texas, alleging that TDHHS committed conspiracy and "mob-like crimes," including threatening to shut down a child care facility, committing perjury before administrative courts, committing intrinsic and extrinsic fraud to prevent a facility's submission of evidence to an administrative court, and intentionally delaying new applicants' background checks. *Crittendon v. Tex. Dept. of Health and Human Servs.*, 4:19-CV-01624 (S.D. Tex. May 1, 2019).[1] On November 12, 2019, the district court dismissed that case without prejudice after finding that Plaintiff failed to properly serve the defendants, and that Plaintiff's claims against TDHHS were barred by the Eleventh Amendment. *Id.* at Dkt. 50.

## II.   Motion to Proceed *In Forma Pauperis*

Plaintiff seeks leave to file her Complaint without having to pay the filing fee. After reviewing Plaintiff's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that

---

[1] The Court may take judicial notice of Plaintiff's other lawsuits as a matter of public record. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

### III.  Application for Permission to File Electronically

Plaintiff also asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 5) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If she has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### IV.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

District courts have broad discretion in determining whether a complaint is frivolous under § 1915(d). *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). "This broad discretion derives from § 1915's dual role of keeping the courtroom doors open to all litigants regardless of financial resources, yet guarding against abuse of this free access by litigants, such as prisoners, who have nothing to lose by flooding courts with suit after suit." *Id.*

The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002). "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity," *id.* at 280-81, or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Congress did not waive the states' sovereign immunity in enacting the Civil Rights Act, 42 U.S.C. § 1983. *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). As a state agency, TDHHS is entitled to Eleventh Amendment immunity from Plaintiff's suit.[2] Congress has not abrogated TDHHS's sovereign immunity for civil rights suits, and there is no indication Texas has consented to this suit. Plaintiff's suit is barred by the Eleventh Amendment and her Complaint should be dismissed under § 1915. *See Talib*, 138 F.3d at 211 (affirming dismissal of state agency under § 1915 based on Eleventh Amendment immunity).

---

[2] *Texas v. Becerra*, 575 F. Supp. 3d 701, 712 (N.D. Tex. 2021), *appeal dismissed*, 2022 WL 2752370 (5th Cir. Jan. 24, 2022) (finding TDHHS to be a state agency); *Castillo v. San Antonio Hous. Auth.*, No. SA-06-CA-841-XR, 2007 WL 208611, at *3 (W.D. Tex. Jan. 24, 2007) (same).

## V.   Order and Recommendation

The Court **GRANTS** Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Plaintiff's Motion for Permission to File Electronically (Dkt. 5).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2), and **DISMISS** as **MOOT** Plaintiff's Motion for Permanent Injunction (Dkt. 1) and Motion to Proceed and Order for Immediate Injunction (Dkt. 6).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 13, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE